**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LARRY ENGLISH** **CIVIL ACTION**

**VERSUS**

**SID J. GAUTREAUX, III, ET AL.** **NO. 26-00960-BAJ-RLB**

# RULING AND ORDER

Before the Court is Plaintiff Larry English's **Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3).**[1] English asks the Court to grant the following relief:

a. Immediately and pending the hearing, enter an INTERIM ORDER RESTRAINING Defendant Sheriff Sid J. Gautreaux, III, his officers, agents, and successors, from executing, enforcing, or processing the bench warrant issued on the August 13, 2026, contempt order in No. C-708092, to preserve the status quo and permit English to be heard;

b. Issue a temporary restraining order and, after hearing, a preliminary injunction RESTRAINING Sheriff Gautreaux, his officers, agents, and successors, from executing, enforcing, or processing that bench warrant;

c. GRANT English leave to appear and be heard by telephone or videoconference; or, if personal appearance is required, DIRECT that the bench warrant not be executed against English for the limited purpose and duration of his attendance at any hearing;

d. DECLARE that the August 13, 2026, contempt order and the resulting bench warrant are void for want of service, notice, and personal jurisdiction;

e. SET an expedited hearing on the application for a preliminary injunction; and

[1] English also filed a Motion for Expedited Consideration of, and Request for a Ruling by September 11, 2026 on, the Emergency Motion for Temporary Restraining Order; or, in The Alternative, for an Immediate Hearing (Doc. 9).

f. GRANT such other relief as is just and proper.

(Doc. 3 at 2).

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; *see also Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018). Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Id.* (citing *Younger v. Harris*, 401 U.S. 37 (1971)) (additional citations omitted).

The Court finds each of these three criteria satisfied here. First, there is an ongoing state court proceeding. (Doc. 1-8); *Juidice v. Vail*, 430 U.S. 327, 335–36 & n.12 (1977) (abstention warranted in federal lawsuit challenging state-court civil contempt order).[2] Second, the State of Louisiana has an important interest in enforcing the orders and judgments of its courts. *See Pennzoil Co. v. Texaco, Inc.*,

[2] *See also Frampton v. City of Baton Rouge/Par. of E. Baton Rouge*, No. 21-CV-362-JWD-SDJ, 2022 WL 90238, at *34 (M.D. La. Jan. 7, 2022) ("[T]he Supreme Court has specifically held that state contempt proceedings are subject to the *Younger* abstention doctrine and the Fifth Circuit has recently reiterated this principle.") (citing *Juidice v. Vail*, 430 U.S. 327, 335 (1977); *Asher v. A.G. Edwards & Sons, Inc.*, 272 F. App'x 357, 358 (5th Cir. 2008)).

481 U.S. 1, 2 (1987) ("[T]he States have important interests in administering certain aspects of their judicial systems. These include enforcing the orders and judgments of the States' courts.").

Third, with respect to whether English had an "adequate opportunity" to raise his constitutional claims in state court, federal courts should "assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co.*, 481 U.S. at 15; *see also Moore v. Sims*, 442 U.S. 415, 425–26 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims.").[3] To overcome this presumption, a federal plaintiff must show that they would have no opportunity to litigate the issue in state court. *Thomas v. State*, 294 F. Supp. 3d 576, 594 (N.D. Tex. 2018), *report and recommendation adopted*, No. 3:17-CV-0348-N-BH, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018) (internal citations omitted). English makes no such showing here. Indeed, the bench warrant that English asks the Court to enjoin appears to have been issued based on English's "repeated failure to appear after proper notice[.]" (Doc. 1-8 at 1–3 (State court order holding: "**IT IS FURTHER ORDERED** that a bench warrant shall issue for Larry English for his failure to

---

[3] *See also Hernandez v. Paxton*, No. EP-25-CV-220-KC, 2025 WL 2265467, at *3 (W.D. Tex. Aug. 6, 2025), *motion for relief from judgment denied sub nom. ALEJANDRO HERNANDEZ, Plaintiff, v. KEN PAXTON, Defendant.*, No. EP-25-CV-220-KC, 2026 WL 2517148 (W.D. Tex. Jan. 9, 2026), *aff'd sub nom. ALEJANDRO HERNANDEZ, Plaintiff-Appellant, v. KEN PAXTON, Att'y Gen., State of Texas, Defendant-Appellee.*, No. 26-50109, 2026 WL 2455221 (5th Cir. Aug. 21, 2026) (internal citations omitted) ("[W]ith respect to whether [plaintiff] has an 'adequate opportunity' to raise his constitutional claims in state court, federal courts should 'assume that state court procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'").

appear at the June 12, 2026 Judgment Debtor Examination, and his failure to appear at the July 30, 2026, hearing.")).

Because all three criteria are met, a federal court may enjoin a pending state-court criminal proceeding only if: (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) where other "extraordinary circumstances" threaten "irreparable loss [that] is both great and immediate." *Id.* (citing *Younger*, 401 U.S. at 45, 53–54; *Moore*, 442 U.S. at 432–33). None of these factors are present here.

Although English argues that "the recognized bad faith/harassment exception to *Younger* abstention applies[,]" the United States Court of Appeals for the Fifth Circuit has emphasized that "the 'bad faith' exception is narrow and should be granted parsimoniously[.]" *Gates*, 885 F.3d at 881 (citing *Hefner v. Alexander*, 779 F.2d 277, 280 (5th Cir. 1985)). English bears the burden to establish actual proof of bad faith. *Gates*, 885 F.3d at 881.

Here, English argues that the "bad faith/harassment exception" applies because the state court issued the "contempt order and warrant" without proper service of process as required under Louisiana Code of Civil Procedure article 225. (Doc. 3-2 at 8–9). It appears that English previously raised the same argument regarding the alleged lack of proper service under article 225 with the state court,

and the state court denied English's motion. (Doc. 1-10 at 1; Doc. 1-14 at 5). Further, English does not appear to dispute that he was served with the contempt order and warrant by email, but contends that service was improper because it was not made by "personal or domiciliary service" under the Louisiana Code of Civil Procedure. (Doc. 1 ¶ 15 ("The district court's rules to show cause directed that the constructive-contempt rules be served by electronic mail under La. C.C.P. art. 1313. No personal or domiciliary service by the sheriff was attempted, and no return of service was made."); Doc. 1-10 at 3 (English's argument that "[e]mail notice is neither personal nor domiciliary service and cannot vest personal jurisdiction for contempt.")). The Court finds that English's dispute with the manner of service is insufficient to fall into the narrow bad faith exception, which the Fifth Circuit instructs must be applied parsimoniously.[4]

For these reasons, the Court will "stay its hand." *See Pennzoil Co.*, 481 U.S. at 2 ("Both *Juidice* and this case involve challenges to the processes by which the State compels compliance with the judgments of its courts. Not only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those

[4] *See Luce v. City of McKinney, Texas*, No. 4:26-CV-00191-SDJ-BD, 2026 WL 1915586, at *8 (E.D. Tex. June 26, 2026), *report and recommendation adopted*, No. 4:26-CV-00191-SDJ-BD, 2026 WL 2479247 (E.D. Tex. Aug. 21, 2026) ("The universe of cases in which courts have found a bad-faith exception to *Younger* is 'virtually empty,' *Netflix, Inc. v. Babin*, 88 F.4th 1080, 1098 n.56 (5th Cir. 2023) (quoting C. Keith Wingate, *The Bad Faith–Harassment Exception to the* Younger *Doctrine: Exploring the Empty Universe*, 5 Rev. Litig. 123, 124 (1996)), and the Supreme Court has never found that the bad-faith exception was applicable, 17B Vikram David Amar, Federal Practice & Procedure § 4255 (3d ed.). The court should likewise not do so here.").

judgments were obtained. So long as those challenges relate to pending state proceedings, proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand.").

Accordingly,

**IT IS ORDERED** that Plaintiff Larry English's **Emergency Motion For Temporary Restraining Order and Preliminary Injunction (Doc. 3)** is **DENIED**.

**IT IS ORDERED** that Plaintiff Larry English's **Motion for Expedited Consideration of, and Request for a Ruling by September 11, 2026 on, the Emergency Motion for Temporary Restraining Order; or, in The Alternative, for an Immediate Hearing (Doc. 9)** is **GRANTED.** The Court has considered Plaintiff's Motion (Doc. 3) expeditiously.

Baton Rouge, Louisiana, this 10th day of September, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**